UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>                Plaintiff,<br><br>   v.<br><br>CITY OF CLAREMONT, GABRIEL ARELLANES; and DOES 1-10, inclusive,<br><br>                Defendants. | Case No.: 2:24-cv-08573-MEMF-PD<br><br>**ORDER GRANTING REQUEST FOR JUDICIAL NOTICE AND GRANTING MOTION TO STAY [ECF NO. 23]** |

    Before the Court are a Request for Judicial Notice and a Motion to Stay filed by Defendant Gabriel Arellanes. *See* ECF Nos. 23, 28-2. The Court deems these matters appropriate for resolution without oral argument. See C.D. Cal. L.R. 7-15. For the reasons stated herein, the Court GRANTS the Request for Judicial Notice (ECF No. 28-2) and GRANTS the Motion to Stay (ECF No. 23).

**BACKGROUND**

    Plaintiff Jane Doe[1] ("Doe") filed suit in this Court on October 4, 2024. She alleges, to briefly summarize, that Defendant Gabriel Arellanes ("Arellanes"), who was a police officer employed by

---

[1] Doe filed suit under a pseudonym because she alleges sexual assault. *See* ECF No. 1 at 1 n.1.

Defendant City of Claremont (the "City"), sexually assaulted Doe after arresting her on February 16, 2024. *See* ECF No. 1.

The City filed an Answer on November 15, 2024. *See* ECF No. 12. Arellanes filed an Answer on January 15, 2025. *See* ECF No. 21.

Arellanes filed the instant Motion to Stay on February 10, 2025. *See* ECF No. 23. Doe filed an Opposition, and then a corrected version of her Opposition, on March 14, 2025. *See* ECF Nos. 26, 27. Arellanes filed a Reply and a Request for Judicial Notice on March 27, 2025. *See* ECF No. 28; ECF No. 28-2. `

## REQUEST FOR JUDICIAL NOTICE (ECF NO. 28-2)

### I.    Applicable Law

A court may judicially notice facts that: "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Under this standard, courts may judicially notice "undisputed matters of public record," but generally may not notice "disputed facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001*), overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002).

### II.    Discussion

Arellanes requests that the Court take judicial notice of three facts: (1) that on March 7, 2025, a criminal case entitled *People of the State of California v. Gabriel Arellanes*, Case No. FWV25000696, was filed in San Bernardino County Superior Court; (2) that Case No. FWV25000696 charges Arellanes with a felony violation of California Penal Code Section 287(c)(2)(A)-F;[2] and (3) that there is an arraignment hearing set for April 30, 2025, in Case No. FWV25000696. *See* ECF No. 28-2. The request is supported by a case summary, obtained from the San Bernardino County Superior Court access portal, and filed as an attachment to a declaration by counsel. *See* ECF No. 28-1 at 4–6.

---

[2] California Penal Code Section 287(c)(2)(A) prohibits "an act of oral copulation when the act is accomplished against the victim's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person." *See* Cal. Penal Code § 287(c)(2)(A).

The Court finds these facts appropriate for judicial notice. Doe has not opposed the Request for Judicial Notice or contested whether any of the above is true. The facts stated above are matters of public record which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b). The Court therefore GRANTS the Request for Judicial Notice (ECF No. 28-2).

**MOTION TO STAY (ECF NO. 23)**

I. **Applicable Law**

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

II. **Discussion**

Given the nature of Doe's allegations and the fact that Arellanes has been charged with a crime, the Court finds it appropriate to stay this action. The Motion to Stay will therefore be GRANTED for the reasons stated herein.

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). "The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made in light of the particular circumstances and competing interests involved in the case." *Id.* One important consideration is "the extent to which the defendant's fifth amendment rights are implicated." *See id.* A court should also consider the following additional factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id.* at 325.

Here, Arellanes argues that proceeding with this civil action would substantially impact Arellanes's Fifth Amendment rights, as he will be forced to either waive his rights by providing testimony in this action or to assert his rights and suffer adverse inferences in this action. *See* ECF No. 23-1 at 5. Arellanes further argues that the other factors support a stay, particularly because, per Arellanes, Doe would suffer minimal prejudice from a stay.

Arellanes filed his Motion before the criminal case against him was filed (described above in the section regarding the Request for Judicial Notice). *See id.* He argued that criminal charges were being reviewed and considered, and that although the charges had not yet been filed, the Court should stay the action based on the potential that such charges would be filed. *See id.* Arellanes has now been charged with a crime, as he noted in his Reply. *See* ECF No. 28.

In opposing the Motion to Stay, Doe argued extensively that it was unlikely that Arellanes would actually be charged with a crime. *See* ECF No. 27 at 13–17. Doe cited authority that distinguished potential charges from actual ones and argued that mere potential charges do not warrant a stay. *See, e.g.*, ECF No. 27 at 10 ("'the case for staying civil proceedings is a far weaker one when no indictment has been returned' . . . 'The potential prejudice to a civil defendant facing a parallel criminal investigation is more remote than it is for an indicted defendant, and the delay to the plaintiff is potentially indefinite.'") (*quoting Gen. Elec. Co. v. Liang*, Case No. 13-CV-08670, 2014 WL 1089264, at *3 (C.D. Cal. Mar. 19, 2014); *eBay, Inc. v. Digital Point Sols., Inc.*, Case No. 08-CV-4052, 2010 WL 702463, at *3 (N.D. Cal. Feb. 25, 2010)). Much of this argument is inapposite given that criminal charges have been filed. Doe also argued that she would face prejudice from a stay. *See* ECF No. 27 at 16. She further argued that even if the Court decides to stay the action, "any such stay should be a partial stay, allowing all discovery to continue, possibly save deposing [Arellanes] and serving him with interrogatories and request[s] for admissions, as there is no fifth amendment right to not produce documentary evidence." *See id.* at 16–17.

The Court examines all of the *Keating* factors and concludes that, on balance, and taken together, the *Keating* factors support a stay. With respect to the first factor, the Court finds that proceeding with this action would substantially impact Arellanes's Fifth Amendment rights. The criminal charges against Arellanes are for essentially the same conduct that Doe alleges in this

action. *See* ECF No. 28-1 at 4–6; *see also* ECF No. 1. Arellanes is correct that if he asserts his Fifth Amendment rights and refuses to testify, he could face an adverse inference in this litigation. *See Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1264 (9th Cir. 2000) ("in civil proceedings adverse inferences can be drawn from a party's invocation of this Fifth Amendment right"). If the two actions proceed in parallel, Arellanes will be forced to either waive his Fifth Amendment rights or potentially face an adverse inference. Thus, there is little dispute that the first factor identified in *Keating*—"the extent to which the defendant's fifth amendment rights are implicated"—suggests that a stay would be appropriate. *See Keating*, 45 F.3d at 324.

With respect to the second factor, Doe would face some prejudice from a delay to this action, which would delay her recovery of damages or other relief in this action and could potentially lead to the loss of evidence or witnesses. *See id.* at 325 (the first factor is "the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay"). However, this prejudice is minimized by the fact that the criminal case will presumably involve the collection of evidence, witness statements, etc., which would mitigate any risk of loss of evidence. Doe's main source of prejudice is therefore the delay in the resolution of this action and of her recovery of her requested relief. Arellanes asserts that "the criminal case will likely be concluded within a few months" and asks for a stay of only a few months, *see* ECF No. 28 at 2, which further limits the prejudice to Doe.

The other factors do not point significantly in either direction, and Doe has not argued that they point against a stay. *See Keating*, 45 F.3d at 324 (remaining factors are "(3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.").

Therefore, the Court is primarily called upon to balance the burden Arellanes would face if the action were not stayed against the prejudice Doe would face if a stay were imposed. The Court finds that the significant burden Arellanes would face in the absence of a stay outweighs the

prejudice that Doe would face from a brief stay. Taking the five factors together, the Court finds that on balance, they support a stay of this action.[3]

Finally, the Court must decide on the scope of the stay. Doe urges a stay only of Arellanes's deposition and other items that might implicate Arellanes's Fifth Amendment rights. *See id.* at 16–17. In this case, the interests of justice require limiting the prejudice to Doe if it can be done without compromising the Fifth Amendment rights of Arellanes. First, the Court finds that because the City's liability depends in part on Arellanes's liability, a stay with respect to Arellanes may implicate the action against the City. However, liability on the part of Arellanes is not dispositive of liability on the part of the City, and there appears to be a considerable amount of discovery that could be efficiently accomplished with respect to the City's liability that would not implicate Arellanes's Fifth Amendment rights. Second, the Court finds that the balance of factors—including judicial economy—weighs against permitting document production to proceed against Arellanes, and the Court notes that Doe does not cite any binding authority in support of her contention that Arellanes can be required to respond to discovery requests without invoking his Fifth Amendment rights. *See* ECF No. 27 at 16–17. Third, the Court finds that should the criminal proceedings take more than the "few months" anticipated by Arellanes, the balance of factors could shift against the imposition of a stay.

Accordingly, the Court will impose a complete stay of the action against Arellanes only for six months. The City has not moved for a stay nor weighed in on Arellanes's request for a stay, and

---

[3] This finding finds support from non-binding decisions of other district courts, which generally grant stays where an overlapping criminal case is pending. *See, e.g.*, *Johnson v. Castillo*, Case No. 22-CV-00637, 2023 WL 1785481 at *2–*4(E.D. Cal. Jan. 18, 2023) (granting a motion to stay where criminal charges had been filed against plaintiff which "substantially overlap[ped]" with the claim at issue); *Carlson v. City of Redondo Beach*, No. 20-CV-00259, 2020 WL 7714699, at *2 (C.D. Cal. Dec. 29, 2020) (explaining that "A stay is warranted where a grand jury returns a criminal indictment and where there is a large degree of overlap between the facts involved in both cases," but declining to stay the action because no charges had been filed). Doe has identified no authority suggesting that a stay is not appropriate where overlapping criminal charges have actually been filed and are pending. *See* ECF No. 27 at 17 (citing *Doe v. City of San Diego*, Case No. 12-CV-689-MMA-DHB, 2012 WL 6115663, at *3 (S.D. Cal. Dec. 10, 2012) (court declined to stay an action pending an appeal of criminal proceeding, and noted the distinction between post-conviction appeals and pending charges); *O. Thronas, Inc. v. Blake*, Case No. 09-CV-00353, 2010 WL 931924, at *3 (D. Haw. Mar. 10, 2010) (court declined to fully stay an action while a mere investigation was pending)).

therefore none will be imposed. To the extent that any disputes arise between the parties with respect to whether any discovery requests to the City implicate Arellanes's Fifth Amendment rights, those should be promptly raised with the assigned Magistrate Judge.

Thus, the Motion to Stay is GRANTED.

## CONCLUSION

For the reasons stated herein, the Court ORDERS as follows:

1. Arellanes's Request for Judicial Notice (ECF No. 28-2) is GRANTED.
2. Arellanes's Motion to Stay (ECF No. 23) is GRANTED. This action shall be STAYED with respect to Arellanes only for six months from the date of this Order.
3. The parties are ORDERED to, every sixty (60) days from the date of this Order, meet and confer and then file a joint status report as to the status of the criminal case against Arellanes. The first such report shall be due sixty (60) days from the date of this Order, and subsequent status reports shall be due every sixty (60) days thereafter.
4. Should Arellanes seek an extension of the stay, he must meet and confer with the other parties and file that request prior to the expiration of the current stay. Failure to do so will result in the stay being lifted.
5. The Court is also issuing a Civil Trial Order with respect to this case. Many of the deadlines will not apply to the action against Arellanes. Once the stay is lifted, the parties are ORDERED to meet and confer with respect to whether the Civil Trial Order should be modified in whole or in part with respect to Arellanes and/or the City and file a joint status report outlining their proposals accordingly.

IT IS SO ORDERED.

Dated: April 7, 2025

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge